Supreme Court

In the Matter of Patricia M. Watson.          No. 2017-392-M.P.


**O R D E R**

This attorney disciplinary matter is before the Court pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure for Attorneys.  We entered an Order on October 15, 2018, continuing the matter until November 15, 2018, for review.  The travel of this disciplinary complaint is as follows.  On June 18, 2018, the Disciplinary Board of the Supreme Court forwarded its decision to us after finding that the respondent, Patricia M. Watson, had violated the Supreme Court Rules of Professional Conduct while representing two clients in a civil proceeding in the District Court.  The Board had recommended that respondent be ordered to reimburse the sum of $3,110.94 to the clients, and that she also perform twenty-five hours of community service as a sanction for those violations.  The respondent appeared before this Court at its conference on September 20, 2018, to show cause why we should not accept the Board's recommendation.

On that date, respondent appeared before the Court, with counsel.  After hearing the representations of Disciplinary Counsel, respondent, and her attorney, we ordered respondent to make full restitution of $3,110.94 to the clients on or before the review date of November 15, 2018.  Additionally, respondent was ordered to submit to Disciplinary Counsel, forthwith, an acceptable plan regarding her compliance with the mandated twenty-five hours of community service, and to provide evidence to Disciplinary Counsel before November 15, 2018, that she had

1

substantially performed that service. Our Order specifically informed respondent that her failure to comply with its terms may result in the imposition of further sanctions.

The respondent failed to appear before this Court on November 15, 2018, but her attorney was present. Her counsel provided no excuse or justification for respondent's absence. Disciplinary Counsel has advised this Court that respondent has remitted $3,060.19 to her clients, leaving an unpaid balance of $50.75. Disciplinary Counsel further informed the Court that respondent had not submitted any plan regarding her performance of the mandated community service or provided any evidence she had substantially performed such service. We conclude that respondent has willfully failed to comply with our Order of October 15, 2018, and that further sanctions are therefore warranted.

The facts giving rise to this proceeding, as found by the Board, are as follows. Kristine Foster (Foster) and Stephen Lucas (Lucas) purchased a residence in Riverside, Rhode Island, in September 2014. As a result of a clogged sewer line, sewage backed up into the home, requiring remediation work. Foster and Lucas hired JDM Enterprises, Inc., d/b/a ServePro of Providence (ServePro), to perform the required cleaning. Foster allegedly advised the ServePro representative that, due to a pre-existing respiratory ailment, she could not tolerate the use of any chemical cleaning agents in her residence—an allegation denied by ServePro. ServePro performed the cleaning service and billed Foster and Lucas for the work performed. Foster and Lucas refused to pay the invoice, claiming that Foster was physically injured by ServePro's use of chemical cleaning agents while performing the work.

ServePro initiated a book account action in the District Court seeking payment for the services rendered. The respondent agreed to represent Foster and Lucas in defending the action, and further agreed to represent Foster in her claim for personal injuries against ServePro.

2

However, respondent failed to communicate to Foster and/or Lucas in writing the scope of the representation to be provided or the basis or rate of any fees or expenses to be charged, in violation of Article V, Rule 1.5 of the Supreme Court Rules of Professional Conduct,[1] which mandates the use of written retainer agreements.

Respondent filed an answer in the District Court on her clients' behalf, neither admitting nor denying the book account claim, and also filed a counterclaim alleging Foster's personal injuries and seeking compensation therefor. The respondent failed to communicate with Foster or Lucas regarding the status of the case, in violation of Rule 1.4.[2] She failed to provide competent representation to her clients, in violation of Rule 1.1,[3] particularly regarding Foster, because respondent failed to adequately explore Foster's personal injury claim and failed to propound any discovery requests upon ServePro to determine whether the company had in fact used any chemical agents. Most egregiously, respondent, without the knowledge or consent of Foster or Lucas, unilaterally entered into a stipulation with counsel for ServePro agreeing that judgment would enter against Foster and Lucas in the amount of $3,110.94 on ServePro's book account claim. The respondent's failure to advise her clients and obtain their consent prior to

---

[1] Article V, Rule 1.5 of the Supreme Court Rules of Professional Conduct, entitled "Fees," provides, in pertinent part: "(b) The scope of the representation and the basis or rate of the fee and expenses for which the client will be responsible shall be communicated to the client, in writing, before or within a reasonable time after commencing the representation * * * ."

[2] Rule 1.4, entitled "Communication," provides, in pertinent part: "(a) A lawyer shall: (1) promptly inform the client of any decision or circumstance with respect to which the client's informed consent, as defined in Rule 1.0(e), is required by these Rules; (2) reasonably consult with the client about the means by which the client's objectives are to be accomplished; (3) keep the client reasonably informed about the status of the matter; (4) promptly comply with reasonable requests for information * * *."

[3] Rule 1.1, entitled "Competence," provides, in pertinent part: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

settling their case violated Rule 1.2.[4] Further exacerbating this violation, respondent did not inform Foster or Lucas for several months that she had stipulated to this adverse judgment.

In mitigation, the Board noted that this was respondent's first disciplinary matter in her twenty-nine years of practice in this state. The respondent also did not charge or receive any fee from her clients. At the disciplinary hearing, through her counsel, respondent offered to pay the stipulated judgment from her own funds. Accordingly, the Board voted to recommend that respondent make reimbursement and perform community service.

However, respondent has failed to substantially comply with our Order adopting the Board's recommendation, and has provided this Court with no explanation for her failure to do so, despite our specific warning that her failure to comply could result in the imposition of a more serious sanction. Also, respondent's unexplained failure to appear before this Court on her own behalf raises a serious concern about her present ability to adequately represent clients.

Accordingly, we deem it appropriate to impose a more serious sanction. We hereby suspend the respondent, Patricia M. Watson, from the practice of law in this state, effective thirty (30) days from the date of this Order, and until further order of this Court. Forthwith, the respondent shall make arrangements to obtain new counsel for her clients, or return any active client files to these clients, within this thirty (30) day period. The respondent shall not assume the representation of any new clients or the representation of existing clients on any new matters during this period.

Entered as an Order of this Court this 3rd Day of December, 2018.

---

[4] Rule 1.2, entitled "Scope of representation and allocation of authority between client and lawyer," provides, in relevant part: "(a) * * * [A] lawyer shall abide by a client's decisions concerning the objectives of representation and * * * shall consult with the client as to the means by which they are to be pursued. * * * A lawyer shall abide by a client's decision whether to settle a matter."

4

By Order,

_____/s/_____
Clerk

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Patricia M. Watson. | |
| **Case Number** | No. 2017-392-M.P. | |
| **Date Order Filed** | December 3, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer From Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>David D. Curtin, Esq.<br>Chief Disciplinary Counsel | |
| | For Respondent:<br><br>Matthew S. Dawson, Esq. | |